IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KATHERINE BELCASTRO GONZALEZ, | |
| Plaintiff, | **8:24CV33** |
| vs. | |
| CITY OF OMAHA, a Municipal Corporation; and TODD SCHMADERER, Chief of Police of the Omaha Department, in his official capacity; | **ORDER** |
| Defendants. | |

This matter is before the Court on Defendants' motion to extend deadlines in the Final Progression Order. Filing No. 72. Specifically, Defendants seek to extend the deadline to complete written discovery and motions to compel written discovery under Rules 33, 34, 36 and 45 of the Federal Rules of Civil Procedure. For the reasons stated below, the motion will be denied.[1]

Defendants seek an extension of the written discovery deadlines arguing they recently became aware of evidence, through document review and depositions, that supports their affirmative defense of the after-acquired evidence

---

[1] The Court is aware there are outstanding discovery disputes between the parties arising from written discovery that was completed prior to the current deadline. The Court will separately address these issues with the parties and this Order does not impact the parties' obligation to supplement those requests at the Court's direction or in compliance with the Federal Rules.

1

doctrine, and they need additional time to gather relevant information of the same. Plaintiff, on the other hand, argues Defendants have stalled discovery efforts thus far, the after-acquired evidence doctrine is futile, and Defendants are on a fishing expedition with an intent to intimidate and harass Plaintiff.

Pursuant to Rule 16(b)(4), a case management order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The movant's level of diligence and the degree of prejudice to the parties are both factors to consider when assessing if good cause warrants extending a case management deadline, with the movant's diligence [in attempting to meet the order's requirements] being the first consideration and the extent of prejudice to either party considered only after the movant makes a showing of due diligence. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008); *Marmo v. Tyson Fresh Meats*, Inc., 457 F.3d 748, 759 (8th Cir. 2006).

Defendants have failed to show diligence in meeting the current case progression deadlines or why the discovery it contends remains outstanding could not have been completed within the current deadlines. In an attempt to illustrate their diligence, Defendants outline that they have taken two depositions and produced an additional 1,000+ pages of documents to Plaintiff since the progression order entered in March. As part of this document production, Defendants contend they discovered new evidence in support of their affirmative defense.[2]

---

[2] "The after-acquired evidence doctrine applies when an employee is fired for an unlawful reason but the employer later learns of other conduct that, by itself, would have resulted in discharge had it come to the employer's attention, and it limits the employee's damages to the period of time 'from the date of the unlawful discharge to the date the new information was discovered.'" *Smith v. AS Am., Inc.*, 829 F.3d 616, 625–26 (8th Cir. 2016) (quoting *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 362 (1995)). Upon reviewing the evidence Defendants submitted in support of their motion, the implication Plaintiff engaged in wrongful conduct is tenuous (at best) and does not justify disregarding Defendants' lack of diligence in meeting the current case progression deadlines or reopening written discovery on this potential defense.

2

Defendant's reliance on these facts is misplaced. The parties initiated discovery over a year ago and, despite other extensions, have yet to meet some of the earliest deadlines. While discovery was stayed for the parties to pursue mediation, that accounted for only 38 days and was prior to the most recent progression order being entered. *See* Filing Nos. 53 and 57. Finally, the Court is not persuaded that Defendants could not pursue this discovery within the time provided in the case progression order when the information was largely in their own possession. For example, the report they now contend contains "new evidence" provides it is "for the confidential use of the chief of police only" and is dated in September 2023.[3] Filing No. 73-2 at 1, 111. The chief of police is, in fact, a defendant to this action.[4] Moreover, while Defendants rely on their recent document production in an effort to show diligence, the record reflects that Plaintiff has been attempting to obtain the relevant documents since December 2024. *See* Filing No. 83-1.

Considering all the relevant circumstances, the Court finds Defendants have not shown diligence in meeting the Court's progression deadlines. As such, the Court need not consider the prejudice to Plaintiff. *See Marquis Energy, LLC v. PVD Lender, LLC,* No. 8:21CV426, 2023 WL 3319729, at *2 (D. Neb. May 9, 2023).

---

[3] The undersigned recognizes Defendants point to two additional depositions as justifying the reopening of written discovery for purposes of their after-acquired evidence defense. However, Defendants have pointed to no portion of either of these depositions (or set forth evidence of what was stated in the deposition to which no transcript has yet been received) which would further support an implication that Plaintiff engaged in wrongdoing, and, thus, justifies reopening written discovery.

[4] Counsel for Defendants state that various documents within his client's possession were not available to counsel until recently. Even if this is true, there is no evidence indicating that his client was not aware of the underlying facts (there is evidence to the contrary), and, further, there is no evidence that Defendants were unable to pursue discovery regarding such facts earlier especially when considering Defendants' affirmative defenses. *See* Filing No. 9 at 8.

Accordingly, Defendants' motion to extend written discovery deadlines, Filing No. 72, is denied.

IT IS ORDERED.

Dated this 13th day of June, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge