IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KATHERINE BELCASTRO GONZALEZ,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF OMAHA, a Municipal Corporation; and TODD SCHMADERER, Chief of Police of the Omaha Department, in his official capacity;<br><br>Defendants. | 8:24CV33<br><br><br>ORDER |

The Court held a discovery dispute conference with counsel for the parties on July 1, 2025. The position statements the parties submitted in advance of the conference as well as the discovery requests and responses at issue are attached to this Order. The Court made rulings on the record and summarizes those rulings herein.

Accordingly,

IT IS ORDERED:

1. The parties shall meet and confer as set forth herein on or before **July 16, 2025**. Any discovery motions pertaining to the issues discussed during this discovery dispute conference shall be filed on or before **July 30, 2025**.
2. The parties shall answer and/or supplement the discovery as set forth herein on or before **August 1, 2025**.
3. <u>City Defendant's First Set of Interrogatories to the Plaintiff.</u>
    a. Plaintiff is ordered to answer a narrowed version of Defendants' **Interrogatory No. 2**. Interrogatory No. 2 is limited to documents Plaintiff

1

sent to her personal computer via means other than her City email address, the date each and every document was sent, and the reason why the Plaintiff believed sending each document was necessary to protect herself from discrimination and retaliation. If Plaintiff does not have any responsive documents, she is to sign an affidavit attesting she did not find anything responsive to Interrogatory No. 2 after a reasonable search. The affidavit must articulate the scope of Plaintiff's search.

    b. Plaintiff is ordered to answer and supplement her response to Defendants' **Interrogatory No. 7**.

    c. Defendants' objection to Plaintiff's answer to Defendants' **Interrogatory No. 11** is overruled.

4. <u>Plaintiff's Request for Production of Documents to Defendants (First Set).</u>

    a. Defendants are ordered to specifically identify the documents responsive to each of Plaintiff's requests for production of documents.

    b. Defendants are ordered to answer, without objection, Plaintiff's **Requests for Production Nos. 2, 3, 8, 10, and 14**.

    c. As represented by the parties, the dispute pertaining to **Request for Production No. 4** is resolved.

    d. Defendants are ordered to answer a narrowed version of Plaintiff's **Request for Production No. 5**. Request for Production No. 5 is limited to responsive information regarding (1) any charges or alterations which were made to Plaintiff's Internal Affairs file from 2010 through April 2024 and (2) the Internal Affairs manual and policy in effect from January 2022 through February 2023.

    e. As represented by the parties, the dispute pertaining to **Request for Production No. 6** is primarily resolved. Defendants are ordered to conduct a reasonable search for additional responsive documents consistent with the parties' discussion during the conference and supplement their response should responsive documents be located.

    f. Defendants are ordered to answer Plaintiff's **Request for Production No. 7**. If Defendants do not have any responsive documents, the appropriate

representative from Defendant is to sign an affidavit attesting Defendants were unable to locate responsive documents after a reasonable search. The affidavit must articulate the scope of Defendants' search.

g. The parties are ordered to meet and confer on the scope of Plaintiff's **Request for Production No. 9**.

h. The parties are ordered to meet and confer on search terms to locate documents responsive to Plaintiff's **Request for Production No. 12**.

i. The parties are ordered to meet and confer regarding Plaintiff's **Requests for Production Nos. 15, 16, 18, 19, 20, and 21**.

Dated this 2nd day of July, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge